UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                    Case No. 3:15 cr 104

        Plaintiff

    v.                                                           MEMORANDUM OPINION

John J. Manore III,

        Defendant


On March 5, 2015, the Defendant was indicted on three counts false tax returns under 26 U.S.C. § 7206(1). (Doc. No. 1). This matter is now before me on the Defendant's motion to dismiss the indictment (Doc. No. 8), the Government's response (Doc. No. 10) and the Defendant's reply (Doc. No. 11). For the reasons that follow, the Defendant's motion is denied.

## MOTION TO DISMISS INDICTMENT

Under Fed. R. Crim. P. 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Consideration of a motion to dismiss an indictment also contemplates consideration of Fed. R. Crim. P. 7(c), which addresses the nature and contents of the indictment, in pertinent part, as follows:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by such the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated. . . .

An indictment is deemed sufficient where elements of the offense fairly inform the defendant of the charges leveled at him for which he must defend and "enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). On a motion to dismiss an indictment, the court takes the indictment's allegations as true and makes a determination on the facial validity of the charges alone. *Costello v. United States*, 350 U.S. 359, 363 (1956). "[C]ourts evaluating motions to dismiss [an indictment] do not evaluate the evidence upon which the indictment is based." *United States v. Ferguson*, 681 F.3d 826, 831 (6th Cir. 2012) citing, *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001).

In this case, the Defendant argues insufficiency of the indictment for failure to plead the elements of the offense because "the Indictment fails to identify any facts or circumstances leading to the conclusion that the Defendant *willfully* filed the returns which he *did not believe* to be true and correct." (Doc. No. 8 at p. 4). (Emphasis in original).

Under 26 U.S.C. § 7206(1), the following constitutes a felony:

> **Declaration under penalties of perjury.**—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; . . .

The elements under this statute have been held to include: "(1) making and subscribing a return or other document which was incorrect as to a material matter; (2) a return, statement, or other document subscribed by the defendant which contained a written declaration made under the penalty of perjury; (3) that the defendant did not believe the return, statement or other document to be true and correct as to every material matter; and (4) that the defendant falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law." *United States v. Boulware*, 384 F.3d 794, 810 (9th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005).

In this instance, the indictment charges Defendant with three counts of submitting a false tax return for the years 2008-2010 and in violation of 26 U.S.C. § 7206(1). The pertinent portions of the indictment state as follows:

> 3. On or about April 15, 2009, in the Northern District of Ohio, the Defendant, JOHN J. MANORE III, did willfully make and subscribe a joint U.S. Individual Income Tax Return (Form 1040) for the 2008 tax year, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. That joint U.S. Individual Income Tax Return (Form 1040), which was prepared and signed in the Northern District of Ohio, Western Division, and was filed with the Internal Revenue Service, stated on line 22 that MANORE had total income of $24,437, whereas MANORE then and there well knew he had total income substantially in excess of $24,437.
>
> 5. On or about April 15, 2010, in the Northern District of Ohio, the Defendant, JOHN J. MANORE III, did willfully make and subscribe a joint U.S. Individual Income Tax Return (Form 1040) for the 2009 tax year, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. That joint U.S. Individual Income Tax Return (Form 1040), which was prepared and signed in the Northern District of Ohio, Western Division, and was filed with the Internal Revenue Service, stated on line 22 that MANORE had total income of $35,606, whereas MANORE then and there well knew he had total income substantially in excess of $35,606.
>
> 7. On or about April 16, 2011, in the Northern District of Ohio, the Defendant, JOHN J. MANORE III, did willfully make and subscribe a joint U.S. Individual Income Tax Return (Form 1040) for the 2010 tax year, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. That joint U.S. Individual Income Tax Return (Form 1040), which was prepared and signed in the Northern District of Ohio, Western Division, and was filed with the Internal Revenue Service, stated on line 22 that MANORE had total income of $58,857, whereas MANORE then and there well knew he had total income substantially in excess of $58,857.

(Doc. No. 1).

As noted by the Sixth Circuit, 26 U.S.C. § 7206 "is a perjury statute that criminalizes lying on any document filed with the IRS." *United States v. Tarwater*, 308 F.3d 494, 504 (6th Cir. 2002). The indictment contains the necessary elements required as the language tracks the statutory requirements. The indictment also specifies the dates of the returns, as well as the particulars in

terms of the amounts claimed as income including that the Defendant "knew he had income substantially in excess of" the stated amount for the particular year in question. The indictment also sets forth a factual basis insofar as it alleges the Defendant submitted a return "he did not believe to be true and correct as to every material matter," as well as his knowledge of having total income in excess of the amount stated on line 22 of his Form 1040. This is a sufficient factual basis upon which the Defendant can prepare his defense and invoke double jeopardy in the event of a subsequent prosecution. *See e.g., United States v. Hendrickson*, 664 F.Supp.2d 793, 811 (E.D. Mich. 2009). Accordingly, the Defendant's challenge to the sufficiency of the indictment fails and the motion is denied.

For these reasons, the Defendant's motion to dismiss the indictment (Doc. No. 8) is denied.

So Ordered.

> s/ Jeffrey J. Helmick
> United States District Judge