UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                   Case No. 3:15-cr-00104

    Plaintiff

    v.                                         MEMORANDUM OPINION
                                                     AND ORDER

John J. Manore, III,

    Defendant

       Before me is the government's motion in limine to exclude the testimony of two defense experts, Cynthia Szczepaniak and Gary Gruver (Doc. No. 20). The Defendant has opposed the government's motion (Doc. No. 23). No reply memorandum was filed. For the reasons set forth below, the government's liminal motion is granted as to both witnesses.

       Defendant John J. Manore III was indicted for three counts of filing false tax returns for tax years 2008, 2009, and 2010, in violation of 26 U.S.C. § 7206(1). In essence, the government has alleged Mr. Manore *willfully* chose not to report some of his law practice income when filing his returns for those tax years, under penalty of perjury, and therefore in violation of the statute.

       For at least part of his defense, Mr. Manore intends to offer the testimony of Cynthia Szczepaniak, who if permitted to testify, would state that with the default installation of the billing software, which the defense contends Mr. Manore used to produce income statements which calculated his practice's gross income, any fees paid by clients whose matters were designated as "closed" or "inactive" before the report was produced would not be included in that report. Put another way, the report would only include income from clients whose matters were designated as "active" in the billing software at the time the report was run. Presumably, this opinion testimony

would allow Mr. Manore to argue that his failure to include certain client income – which the government contends he should have done – was as the result of mere mistake, and falls well short of the government's burden to establish that his omissions of income were willful.

In addition, Mr. Manore proposes to offer the testimony of Gary Gruver, a CPA and former Internal Auditor and Special Agent for the IRS. As I understand it, Mr. Gruver would testify that "[t]he unreported income figures and the resulting tax due and owing in this case are overstated." (Doc. No. 20-2, at 2).

    A.   Testimony of Cynthia Szczepaniak

The government challenges the admissibility of Ms. Szczepaniak's testimony both under Evid. R. 702, as well as under my gatekeeping responsibility as set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and later, related cases.

But in the context of this witness and this case, the government's objections boil down to this: her proposed opinion testimony simply isn't admissible because it's not relevant, and it's not relevant because it's based upon assumptions that would presumably not be in evidence. I agree.

Based upon what's before me now, I don't doubt Ms. Szczepaniak has the background and expertise to render the opinion which the defense wishes she be allowed to give. And her methodology may well be sound.

My concern is that without an adequate foundation, there are too many inherent assumptions to allow her opinion. More specifically, the relevance and general admissibility of her testimony turns upon these foundational assumptions: (1) Mr. Manore used specific timekeeping software, Timeslips, Version 11, as his means of entering his practice income during one or more of

2

the years in question; (2) that he, or someone on his behalf, installed and maintained the default setting from the installation which would have produced income reports or other reports which would have included only income for client matters which were "active" at the time the report was generated; and (3) that the reports generated with only "active" client matter income were used as the basis for preparing his Schedule C or other reporting documents in preparation of the tax returns he submitted for one or more of the years in question.

Based upon the record before me, I cannot tell whether Ms. Szczepaniak could definitively tell whether the Timeslips reports she reviewed were in fact generated by Timeslips, Version 11 (or some similarly acting version). I also cannot tell whether she could reasonably assume that the version installed had the default setting engaged or whether Mr. Manore or someone on his behalf might have changed that setting before relevant reports were generated. Nor do I see, on the record before me now, that she could reasonably assume that those reports formed the basis of Mr. Manore's calculation of income for purposes of the tax returns he filed with the IRS.

Perhaps the reports do identify the version of the software used to generated the figures. Perhaps Mr. Manore or someone who assisted him with preparation of his taxes will testify as to these pertinent, foundational requirements. I simply don't know. But on the record before me now, I cannot allow Ms. Szczepaniak's testimony without more because the foundational elements necessary for such an opinion to be relevant and material in this case are missing. Without more, her opinions are too speculative.

B. Testimony of Gary Gruver

The government also seeks to exclude the opinion testimony of Mr. Gruver arguing his testimony is not relevant, is inadmissible in so far as it vouches for Ms. Szczepaniak's testimony, and

3

because he ought not to be permitted to opine on investigative matters. Not so, says the Defendant. Mr. Manore argues that proper tax analysis has to have been performed by the government because the criminal statute at issue requires the government establish he did not believe to be "true and correct" every "material matter" he represented in submitting his returns. Relying upon *United States v. Tarwater*, 308 F.3d 494 (6th Cir. 2002), Mr. Manore argues the government must prove more than that a Defendant's conduct was merely negligent, but that it was willful, meaning "a voluntary, intentional violation of a known legal duty." *Id.* at 510. This is undoubtedly true and the government does not contend otherwise.

But Mr. Manore claims the government must prove more, relying on the Fifth Circuit's analysis in *United States v. Boulet*, 577 F.2d 1165 (5th Cir. 1978). Specifically, Mr. Manore claims that government must establish for each count and its attendant tax year, the amount of cash he had on hand at the beginning of the tax year, as part of the government's duty to negate the possibility that some bank deposits or cash expenditures for the year in question came from non-taxable sources. Additionally, Mr. Manore contends the government must also "identify amounts deposited that are non-taxable, such as gifts, transfers of money between accounts, repayment of loans and cash that the taxpayer had in his possession prior to that year that was deposited in a bank during that year." Defendant's opposition, at 8, relying on *Boulet*, supra, at 1165-67.

Mr. Manore's reliance on *Boulet* is misplaced. The Fifth Circuit's analysis involved an appeal of Boulet's conviction for a violation of 26 U.S.C. § 7201, Attempt to evade or defeat tax. Mr. Manore is charged with a violation of Section 7206(1), Fraud and false statements, and more specifically a subsection addressing a "Declaration under penalties of perjury," a different section of the Internal Revenue Code. While he attempts to equate the two sections to impose the same investigative duties on the government in this case, he offers no support that such requirements burdening the government under Section 7201, an attempt to evade or defeat the amount of his tax

4

liability, is subject to the same requirements of Section 7206(1), that he willfully submitted a return, verified under penalty of perjury, which he did not believe to be materially true and correct at the time he submitted it.

The exact calculation of his taxable income, or offsets to which he was legitimately entitled as deductible expenses or other contributions exempt from taxation, is not at issue at this point in the case. Such calculations might well bear on Mr. Manore's advisory sentencing guideline range, as well as aggravation or mitigation in sentencing, should he be convicted. But at this point, such matters simply bear no relevance in his case that I can foresee.

Accordingly, at this juncture, since I see no relevance to Mr. Gruver's testimony on the issues the jury must resolve in this case, his testimony will be excluded as well.

As the parties are aware, liminal rulings are preliminary and subject to development of the evidence and consideration of the arguments of counsel at trial. At this juncture, however, neither witness will be permitted to testify. Without the defense being able to "connect the dots" on certain foundational factors in the case of Ms. Szczepaniak's proposed testimony, allowing her to voice her opinions would be improper. With regard to Mr. Gruver's testimony, I will not allow it at this juncture subject to a showing by the defense that his testimony is relevant to the jury's determination of the issues in this case.

So ordered.

                                                              s/ Jeffrey J. Helmick
                                                              United States District Judge